Mark Labaton (Bar No. 159555)
ISAACS FRIEDBERG
 & LABATON LLP
555 S. Flower Street, #4250
Los Angeles, California  90071
Telephone: (213) 929-5534
Facsimile:  (213) 955-5794
mlabaton@iflcounsel.com

Timothy Cornell (*Admitted Pro Hac Vice*)
GARDNER CORNELL
A Professional Corporation
33 Mount Vernon Street
Boston, MA   02108
Telephone:  (603) 277-0838
tcornell@gardnercornell.com

*Attorneys for Relators*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JAMES CARTER and ROGER LENGYEL,<br><br>　　　　　　Plaintiffs,<br>　　vs.<br>BRIDGEPOINT EDUCATION, INC., ASHFORD UNIVERSITY LLC, and DOES 1-500, INCLUSIVE,<br><br>　　　　　　Defendants, | Case No. 10-CV-1401-JLS-WVG<br><br>**RELATOR'S RESPONSE TO COURT'S ORDER FOR ADDITIONAL BRIEFING ABOUT ELECTRONIC FORMAT DISPUTE**<br><br>**Hon. William V. Gallo** |

The requests at issue call for production of all electronically stored information (ESI) in "native" format, but Defendants insist on only producing in "tagged image file" (TIFF) format. "Native" is the original format in which the ESI was maintained on Bridgepoint's servers, and generally includes all accompanying meta and embedded data. Production of ESI in "native" format is customary in accordance with the Federal Rules of Civil Procedure because it is cheaper to produce, easier to use, retains all of the metadata, and is fully searchable and sortable.  Failure to produce ESI in their searchable and sortable native format has been found to violate Rule 34 and subject to potential sanctions. *See, e.g. L.H. v. Schwarzenegger*, No. 06-CV-2042, 2008 WL 2073958, at *3-4 (E.D.Cal. May 14, 2008). Yet, Bridgepoint proposes to produce documents only in TIFF format – essentially pictures of the ESI – which are extremely expensive to produce, contain no metadata, and are not searchable or sortable by electronic means without extensive and expensive additional processing.

Metadata is itself discoverable. "Courts generally have ordered the production of metadata when it is sought in the initial document request and the producing party has not yet produced the documents in any form." *Aguilar v. Immigration & Customs Enforcement Div.*, 2008 U.S. Dist. LEXIS 97018 at *22 (S.D.N.Y. 2008) (citing cases). Such metadata is especially important for email because it can reveal the actual recipients in distribution lists, so-called "blind" carbon copy recipients, and attachments.  "Native" format is searchable, making it easier to locate emails by keyword, sender, recipient, subject, etc.  "Sometimes, the metadata may be essential to a full understanding of the document.  For example, an image of an email message may include only a generic reference to a distribution list that fails to refer to the individuals who received the message or may exclude the names of any recipients receiving blind copies." 7-37A Moore's Federal Practice - Civil § 37A.03.  Without extensive and expensive processing and the creation of additional layers of "searchable" data (with inherent risks of errors and omissions), such accessibility features are not available in TIFF format.

Each of Bridgepoint's original objections to production in "native" format have been refuted by Relators – production in "native" format is both cheaper and can be redacted.  *See* Declaration of Mark I. Labaton at ¶ 6-7.  Indeed, Bridgepoint warns its own clients that "[t]he disadvantages [of TIFF] include the cost and time involved in converting the ESI to images, and potential later challenges regarding the sufficiency of the metadata and searchability…."  Gibson Dunn, E-Discovery Basics: Production of ESI (2011).[1]  Moreover, any arguably privileged information under FERPA and HIPA would be covered under the existing protective order.

Bridgepoint's final last-minute objection that a production in "native" format cannot be bates-labeled is also easily addressed.  There are various work-arounds to this, including the use of digital fingerprints (aka hashcodes or hashtags) or renaming the files to include the bates numbers.  Other courts have dismissed similar concerns by noting that defendant have not shown how these "hypothetical problems with providing documents in native format" were "actual problems arising in the present case."  *In re Netbank, Inc. Securities Litigation*, 2009 WL 2461036 at *22 (N.D.Ga. Aug. 2009) (footnotes and citations to record deleted).  For these reasons, the Court should order Defendants to produce all ESI in "native" format.

Dated: December 12, 2014             ISAACS FRIEDBERG & LABATON LLP

/s/  Mark I. Labaton
Mark I. Labaton
Attorneys for Relators


Dated: December 12, 2014             GARDNER CORNELL

/s/  Timothy Cornell
Timothy Cornell
Attorneys for Relators

---

[1]  http://www.gibsondunn.com/publications/Documents/E-DiscoveryBasicsProductionofESI-Vol1No9.pdf (viewed December 11, 2014).