# EXHIBIT A

| | |
|---|---|
| **From:** | Mark Labaton |
| **Sent:** | Friday, December 05, 2014 6:37 PM |
| **To:** | Zelenay Jr., James L.; McRae, Marcellus; Hatch, Timothy J.; Kim, Stephanie; Oren Rosenthal; tcornell@gardnercornell.com; Timothy Cornell; Jim Moody |
| **Subject:** | Questions per our Meet & Confer |
| **Attachments:** | 130332_1.pdf |

Jim,

Following up on our meet and confer today and in response to your request, I have enclosed our questions related to Bridgepoint's document maintenance and storage. As I mentioned, if you find out it will take Bridgepoint a few additional days to answer these question, we will be agreeable to a brief extension of the Magistrate Judge Gallo's joint briefing schedule relating to this backup tape issue. Moreover, after hearing back from Bridgepoint in regard to our questions, we also will be agreeable to continue our discussion on this issue in an effort to, if possible, reach an agreement on the backup tape issue. If this makes sense, it probably would be best to try to schedule things accordingly relatively early next week.

Thanks for the courtesy of giving us an additional week to send you any of the relators' corrections to their deposition testimony.

Have a good weekend.

Mark I. Labaton, Esq.
Partner
ISAACS FRIEDBERG & LABATON LLP
555 South Flower Street, Suite 4250
Los Angeles, CA 90071
(O) 213-929-5550
(D) 213-929-5534
(C) 310-463-2206

*Please consider the environment before printing this e-mail*

WARNING: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It contains information from the law firm of Isaacs Friedberg & Labaton LLP which may be privileged, confidential and exempt from disclosure under applicable law. Dissemination or copying of this e-mail and/or any attachments by anyone other than the addressee or the addressee's agent is strictly prohibited. If this electronic transmission is received in error, please notify Isaacs Friedberg & Labaton LLP immediately at (213) 929-5550. Thank you.

IRS CIRCULAR 230 NOTICE. Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

     At our meet and confer today, the parties sought to resolve their disagreements relating the Bridgepoint backup tapes. After I pointed out both why Bridgepoint's proposal was problematic and why it was hard for us to come up with any alternative proposal without knowing how Bridgepoint maintained, managed and stored its documents, particularly emails, you invited us to send you some questions so that we can get a firmer understanding of how Bridgepoint maintained, managed and stored its electronic mail.  These are our questions:

     How many servers does Bridgepoint currently maintain, and how long has Bridgepoint maintained these particular servers?

     Did Bridgepoint maintain email on in-house servers or use a third party or the "cloud"?

     What server software and hardware does Bridgepoint use to create, manage and backup/archive emails, and in its litigation support process?

     What server software and hardware has Bridgepoint used for these purposes between 2005 and 2011?

     What client and/or user software does Bridgepoint currently use to create, manage and backup/archive emails?

     What client and/or user software has Bridgepoint used for these purposes between 2005 and 2011?

     What format are Bridgepoint's backup tapes in?

     Have backup tapes been accessed since 2011?  When?  How much did it cost to access them?

     How much does it cost to restore a complete backup tape (exclusive of the cost of processing and filtering data and producing documents if requested)?

     Are emails purged from any or all servers once archived or backed up? Was a log generated and retained for all backup, archive, and purge operations?

     Does each complete backup contain all the emails sent or received since the previous complete backup?

     Are emails maintained on end user computers in folders such as inbox, drafts, sent, deleted items, or stored folders?

     Is all email data kept live on any server(s)? If so, how long has such email data been kept live on the any server(s)?

     Did counsel for Bridgepoint distribute a document retention memo or memos before 2013?  If so, when did it distribute such memos? To whom did they distribute the memos?

**Additional Items**

We also think it would be helpful to see copies of Bridgepoint's records retention and document destruction policies, including the dates they were promulgated as well as copies of Bridgepoint's disaster recovery policies along with the dates they were put in place.

Based on our discussion, we understand that Bridgepoint has, and will continue to conduct, a diligent search to provide documents responsive to our requests and that Bridgepoint's request will not be confined to the mid-managers on the list that you sent us and from which we will be picking 80 representative custodians.

As you requested, we will get you more information early next week relating to redaction software for electronic discovery in native format.

2