1  Mark Labaton (Bar No. 159555)
ISAACS FRIEDBERG
2   & LABATON LLP
555 S. Flower Street, #4250
3  Los Angeles, California  90071
Telephone: (213) 929-5534
4  Facsimile:  (213) 955-5794
*mlabaton@iflcounsel.com*

5

6  Timothy Cornell (*Admitted Pro Hac Vice*)
GARDNER CORNELL
A Professional Corporation
7  33 Mount Vernon Street
Boston, MA   02108
8  Telephone:  (603) 277-0838
*tcornell@gardnercornell.com*

9

*Attorneys for Relators*
10

11                **UNITED STATES DISTRICT COURT**

12             **SOUTHERN DISTRICT OF CALIFORNIA**

13
UNITED STATES OF AMERICA *ex*                )
14  *rel.* JAMES CARTER and ROGER            )  **Case No. 10-CV-1401-JLS-WVG**
LENGYEL,                                      )
15                                            )
                           Plaintiffs,        )  **DECLARATION OF MARK I.**
16          vs.                               )  **LABATON IN SUPPORT OF**
                                              )  **RELATORS' RESPONSES TO**
17  BRIDGEPOINT EDUCATION, INC.,              )  **COURT'S ORDER FOR**
ASHFORD UNIVERSITY LLC, and                   )  **ADDITIONAL BRIEFING ABOUT**
18  DOES 1-500, INCLUSIVE,                    )  **BACKUP TAPES AND**
                                              )  **ELECTRONIC FORMAT**
19                         Defendants,        )  **DISPUTES**

20                                               **Hon. William V. Gallo**

21

22

23

24

25

26

27

28

---

**DECLARATION OF MARK I. LABATON**

130463.2

1

### DECLARATION OF MARK I. LABATON

2      I, Mark I. Labaton, declare as follows:

3      1.      I am an attorney licensed to practice law in the State of California and the

4  United States District Court for the Southern District of California.  I am a partner at the

5  law firm of Isaacs Friedberg & Labaton LLP, which represents the Relators in this case.

6      2.      I make this declaration in support of Relators' Responses to Court's Order

7  For Additional Briefing About Backup Tapes and Electronic Format Disputes.

8      3.      On September 15, 2014, Relators served Defendants with a Request for

9  Production of Documents.  Defendants responded to Plaintiffs' Requests for Production

10 on October 17, 2014, in which they raised multiple objections to the requests.

11      4.      Since then, the parties met and conferred multiple times beginning on

12 November 5, 2014.  As a result of those meetings, the parties resolved a number of

13 potential differences, but also were unable to reach a resolution on a few of their disputes.

14      5.      The parties were unable to agree on the format of the electronically stored

15 information that Defendants will produce.  Defendants insist that the electronic

16 documents be produced in TIFF format, whereas Relators insist that the production be in

17 native file format.

18      6.      During the meet-and-confer discussions, Defendants' attorneys represented

19 to Relators' counsel that native format is more expensive to produce than TIFFs.

20 Relators' attorneys spoke with their e-discovery vendor and were told that the exact

21 opposite is true, that is, TIFF format is significantly more expensive – both to produce

22 and to store – than native file format.

23      7.      After Relators' counsel communicated this information to Defendants'

24 attorneys, Defendants changed their initial reasoning and stated that the production

25 should be in TIFF format because native file format cannot be redacted.  Relators'

26 attorneys then again consulted with their e-discovery vendor and conducted their own

27 independent research, and discovered that there is software available that allows native

28

**1**
**DECLARATION OF MARK I. LABATON**

130463.2

1    file e-mails and documents to be redacted.  After this information was communicated to

2    Defendants' attorneys, they responded that native file format cannot be Bates stamped,

3    and therefore Defendants will only produce e-mails in TIFF format.

4         8.      During the meet-and-confer discussions, Defendants' attorneys advised

5    Relators' counsel that potentially relevant electronically stored information from 2009 to

6    2011 was stored on backup tapes. Defendants' attorneys have offered to restore only one

7    set of backup tapes from late-2011, but have refused to restore any additional backup

8    tapes from the 2009-2011 time period, stating that it would take as long as 6 months and

9    cost about $100,000 to restore all of the available tapes.

10        9.      Defendants' attorneys explained that the late-2011 restoration would only

11   include documents and e-mails that existed on the active server at the time the backup

12   was performed.   They stated that any documents or e-mails that were previously deleted,

13   either by the end-user or by the system administrator, would not be included in the

14   restored tapes.   They also stated that the 2011 tapes would not include the documents or

15   e-mails of employees who had left the company prior to the backup date, as those

16   accounts were routinely deleted.

17        10.     After the December 2, 2014 pre-filing telephone conference with the Court,

18   the parties continued to engage in meet-and-confer discussions about the backup tapes

19   and the production format of the electronic discovery.

20        11.     During discussions on December 5, 2014, Relators' attorneys sought

21   information from Defendants about the companies' electronic document maintenance,

22   management, and storage.  At the invitation of Defendants' attorneys, on December 5,

23   2014, Relators' counsel sent a series of questions for Defendants to answer.  Attached

24   hereto as Exhibit A is a true and correct copy of the questions Relators' attorneys sent to

25   Defendants' attorneys.

26        12.     Defendants partially responded to the questions on the evening of December

27   10, 2014 and supplemented their responses on December 11, 2014.  Attached hereto as

28

**2**
**DECLARATION OF MARK I. LABATON**

130463.2

1  Exhibit B is a true and correct copy of Defendants' December 10 & 11, 2014 responses to

2  the December 5, 2014 questions sent by Relators.  Defendants, through counsel, refused

3  to produce documents regarding their document retention policies.

4       13.  Because Defendants' responses were incomplete, vague, and evasive,

5  Relators plan to serve Defendants with a notice of deposition to the person most

6  knowledgeable about the company's e-mail retention, management, and storage.  In

7  addition, Relators are preparing to serve a request for production of documents regarding

8  these issues.

9

10       I declare under penalty of perjury under the laws of the state of California that the

11  foregoing is true and correct.

12       Executed this 12th day of December 2014, in Los Angeles, California.

13

14              /s/  Mark I. Labaton
            Mark I. Labaton

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3**
**DECLARATION OF MARK I. LABATON**

130463.2