Mark I. Labaton (Bar No. 159555)
Oren Rosenthal (Bar No. 243110)
Amy Yeh (Bar No. 228174)
**ISAACS FRIEDBERG & LABATON LLP**
555 South Flower Street, Suite 4250
Los Angeles, California 90071
Phone:  (213) 929-5550
Fax:    (213) 955-5794

Timothy Cornell (*Admitted Pro Hac Vice*)
**GARDNER CORNELL**
A Professional Corporation
33 Mount Vernon Street
Boston, MA 02108
Telephone:  (603) 277-0838
*tcornell@gardnercornell.com*

*Attorneys for Relators*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JAMES CARTER AND ROGER LENGYEL,<br><br>      Plaintiffs,<br><br>      vs.<br><br>BRIDGEPOINT EDUCATION, INC. ASHFORD UNIVERSITY LLC, AND DOES 1-500, INCLUSIVE,<br><br>      Defendants. | Case No. **10-CV-1401-JLS-WVG**<br><br><br>**RELATORS' OBJECTIONS TO MAGISTRATE'S FEBRUARY 20, 2015 ORDER**<br><br>**Hon. Janis L. Sammartino** |

176269.3

# I.    INTRODUCTION.

Relators James Carter and Robert Lengyel (collectively, "Relators") hereby object to Magistrate Judge Gallo's ruling (Doc. 83), dated February 20, 2015, and revised on March 18, 2015, that Defendants Bridgepoint Education, Inc. and Ashford University LLC (collectively, "Bridgepoint") need not produce any documents responsive to Relators' discovery requests generated after December 31, 2011.[1] The Magistrate's Order was erroneous for two reasons.

First, under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any matter that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Since the discovery at issue seeks documents related to Bridgepoint's compensation and performance evaluation model for Enrollment Advisors, and Bridgepoint evaluated its Enrollment Advisors every six months, it is likely that advisor's evaluations for their 2011 performance would be reflect in 2012 documents. Further, a key regulation at issue in this litigation was rescinded in July 2011, and it is likely that Bridgepoint generated documents after December 2011 discussing the impact of the regulatory change on its compensation model.

Second, even if the Court were to accept Bridgepoint's argument that discovery should the limited to the time period set forth in the operative pleading, that is no justification for barring post-December 2011 discovery. The Amended Complaint,

---

[1] Relators received written notice of the correction on March 20, 2015.

176269.3

filed on May 10, 2013, alleges fraudulent claims occurring after 2011. *See* Am.

Compl. (Doc. 31), ¶¶ 49(c) (alleging conduct "[u]p to the filing of this complaint"),

52 (alleging damages "through the present date"), 55 (same). Relators are clearly

entitled to discovery after that time period.

Accordingly, the Magistrate Judge's ruling should be reversed, and Bridgepoint

should be order to produce relevant documents created after December 31, 2011.

## II.   **PROCEDURAL HISTORY.**

In response to three separate Requests for Production served by Relators that

focused generally on information pertaining to Bridgepoint's compensation practices

and performance evaluations for Enrollment Advisors, Bridgepoint asserted that it

would not provide any documents generated after December 31, 2011. In the meet

and confer process, Bridgepoint insisted that documents generated after December 31,

2011 were not relevant to the allegations in the complaint.

In accordance with Magistrate Gallo's chamber rules, the parties contacted the

Chambers to schedule an informal teleconference, which was set for December 2,

2014. On December 1, 2014, the Court notified the parties for the first time that they

should provide a ten-page Joint Statement that day, outlining both sides' positions on

four major discovery disputes, including this one.

During the teleconference on December 2, Relators argued that post-2011

documents were relevant because they fell within the time parameters set by the

operative complaint, and were also relevant under Fed. R. Civ. P. 26. Bridgepoint

argued that the documents were not relevant due to the time parameters set by the

176269.3

complaint.  Magistrate Judge Gallo said he was inclined to rule in Bridgepoint's favor, but would take the issue under advisement pending a forthcoming written ruling.

On February 20, 2015, the Magistrate issued an order in which he required Bridgepoint to produce responsive documents from March 2005 to December 31, 2014.  Order (Doc. 83) at 12.  Bridgepoint contacted Court to inquire as to whether the judge had made "a scrivener's error" on the responsive dates.

On March 20, 2015, the Court Clerk informed the parties by e-mail that Magistrate Judge Gallo had filed a corrected Order, and that Bridgepoint would only be required to produce documents generated up to December 31, 2011.  The Magistrate provided no explanation for the change.

## III.   ARGUMENT

A.   <u>**Post-2011 Documents are Relevant and Reasonably Likely to Lead to the Discovery of Admissible Evidence.**</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Relevant discovery includes matters that "appear[ ] reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  This scope has been "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).  As Judge Gallo himself noted in another case: "Because discovery is designed to define and clarify the issues, it is not limited to only those specific issues raised in the pleadings."  *RQ*

- 3 -

176269.3

*Const., Inc. v. Ecolite Concrete U.S.A.*, No. 09-CV-2728-BEN WVG, 2010 WL 3069198, at *1 (S.D. Cal. Aug. 4, 2010) (Gallo, J.); *see also* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence.").

Here, even if the Complaint's timespan ended in 2011 (as Bridgepoint contends), documents generated after December 2011 are still "reasonably calculated to lead to the discovery of admissible evidence." For instance, Bridgepoint's Enrollment Advisors were evaluated every six months. *See* 34 C.F.R. § 668.14(b)(22)(ii)(A) (2010). Thus, documents generated in 2012 would be relevant to the 2011 performance evaluations of Bridgepoint's Enrollment Advisors.

The post-2011 time period may also provide insight into how Bridgepoint changed its recruiter compensation system after a key federal regulation was rescinded. Relators allege that Bridgepoint violated a ban prohibiting the direct or indirect compensation of recruiters based on the number of students they recruit. *See* 20 U.S.C. § 1094(20). Bridgepoint asserts that it did not violate that ban because it acted in compliance with a Department of Education regulation that allowed for incentive compensation to be paid under narrow conditions. *See* 34 C.F.R. §668.14(22)(ii)(A) (2010). This regulation, however, was rescinded on July 1, 2011. *See id*. It is likely that Bridgepoint generated relevant documents after the change in the law discussing the impact of the regulatory change on its recruiter compensation and evaluation model.

In arguing the issue before the Magistrate, Bridgepoint quoted *Martin v. Hilton*

- 4 -

176269.3

*Sacramento Arden West*, 2014 U.S. Dist. LEXIS 1158712, at *10 (E.D. Cal. Nov. 10,

2104) for the proposition that "[t]he scope of discovery is determined by the claims as

alleged in the complaint."  This quotation is misleading and incomplete, however,

because *Martin* did not consider the appropriate time period for discovery, nor did it

hold that discovery in a case is limited by the dates stated in a complaint.  As

numerous cases have recognized, documents come into existence after a claim arises –

or even after the commencement of the litigation – that are relevant to the claims or

defenses involved in the action, and therefore are discoverable.  *See, e.g., Goldinger v.*

*Boron Oil Co.*, 60 F.R.D. 562, 564 (W.D.Pa.1973) ("Discovery is permitted to acts

and events transpiring subsequent to those giving rise to the cause of action where

there is a possibility that the information sought may be relevant to the subject matter

of the pending action rather than to limit it to the issues involved in the particular

case."); *Dart Drug Corp. v. Corning Glass Work*s, 480 F.Supp. 1091, 1107

(D.Md.1979) ("Discovery as to materials produced after the filing of the complaint is

proper where the materials are relevant to plaintiff's claims."); *Cleo Wrap Corp. v.*

*Elsner Engineering Works*, 59 F.R.D. 386, 388 (M.D.Pa.1972) ("The fact that plaintiff

is seeking discovery of facts which occurred after suit was filed is not determinative.

Under modern discovery procedure an interrogatory must be answered if there is a

possibility that the information sought may be relevant to the subject matter of the

action.").[2]

---

[2] *See also Robco Distributors v. General Glass Intl. Corp.*, 101 F.R.D. 547,
548-49 (E.D.N.Y. 1984) ("Rule 26 does not limit discovery to pre-complaint events in

176269.3

**B.**   **Post-2011 Documents are Relevant Because They are Within the Relevant**

**Time Period of this Action.**

Even if the Court were to accept Bridgepoint's argument that discovery should

be framed by the time period set forth in the operative complaint, a post-December

2011 cutoff is still unreasonable.  Relators' Amended Complaint, filed on May 10,

2013, alleges conduct occurring from 2004 through the present.  For instance,

paragraph 49(c) of the Amended Complaint alleges conduct occurring "[u]p to the

filing of this complaint."  Paragraphs 52 and 55 allege damages sustained by the

United States up "through the present date."  Thus, to the extent the Amended

Complaint frames the time period of this action, that time period clearly extends well

beyond 2011.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

cases such as this in which the complaint alleges that a conspiracy was continuing as
of the date the complaint was filed."); *United States v. Capitol Services, Inc.*, 89
F.R.D. 578, 587 (E.D.Wis.1981) ("The complaint in this case alleges a continuing
violation of the Sherman Anti-trust Act. Therefore, as a matter of commonsense, the
information and documents produced during the period of the conspiracy are
relevant.").

176269.3

1

## IV.   CONCLUSION

Relators respectfully request that the Magistrate February 20, 2015 Order, as modified on March 18, 2015, be reversed to allow the Relators to obtain discovery of documents generated by Bridgepoint after December 31, 2011.

Dated: April 3, 2015                                    ISAACS FRIEDBERG & LABATON LLP

                                                 By:  /s/ Mark I. Labaton
                                                      MARK I. LABATON.
                                                      *Attorneys for Relators*

                                                 **GARDNER CORNELL**

                                                 By:  /s/ Timothy Cornell
                                                      TIMOTHY CORNELL
                                                      *Attorneys for Relators*

176269.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of April, 2015, a copy of the foregoing was filed electronically.  Notice of this filing was sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Pamela Gioitta-Zimmer
Pamela Gioitta-Zimmer

ISAACS
RIEDBERG &
ABATON LLP