TIMOTHY J. HATCH, SBN 165369
  thatch@gibsondunn.com
JAMES L. ZELENAY JR., SBN 237339
  jzelenay@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendants,
BRIDGEPOINT EDUCATION, INC. and
ASHFORD UNIVERSITY, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JAMES CARTER AND ROGER LENGYEL,<br><br>Plaintiffs,<br><br>v.<br><br>BRIDGEPOINT EDUCATION, INC., ASHFORD UNIVERSITY LLC, AND DOES 1-500, INCLUSIVE,<br><br>Defendants. | CASE NO. 10-CV-1401-JLS-WVG<br><br>**DEFENDANTS' RESPONSE TO RELATORS' OBJECTION TO MAGISTRATE JUDGE GALLO'S FEBRUARY 20, 2015 ORDER**<br><br>Judge:     Hon. William V. Gallo<br>Courtroom: 2A |

Gibson, Dunn & Crutcher LLP

DEFENDANTS' RESPONSE TO RELATORS' OBJECTION TO MAGISTRATE JUDGE GALLO'S FEBRUARY 20, 2015 ORDER
CASE NO. 10-CV-1401-JLS-WVG

Pursuant to the Court's Order Setting Forth Briefing Schedule (Dkt. 95), Defendants Bridgepoint Education, Inc. and Ashford University LLC hereby submit their response to Relators' Objection to Magistrate's February 20, 2015 Order (the "Objection") (Dkt. 93).

## I. INTRODUCTION

Two years ago, Relators filed their Amended Complaint, which sets forth claims based on purported violations of the False Claims Act ("FCA") between 2005 and 2011. Since that time, the parties and the Court have proceeded with the understanding—confirmed in written filings, in-person discussions with the Court, meet and confer sessions, and the District Court's Order on Defendants' motion to dismiss—that the cutoff for Relators' claims was December 31, 2011, at the latest. Indeed, Relators themselves have reiterated this position on multiple occasions in pleadings, discovery, and hearings before this Court. Consistent with the allegations in the Amended Complaint, representations by Relators, and the District Court's Order on Defendants' Motion to Dismiss, this Court issued an order on February 20, 2015 establishing the relevant timeframe for this litigation as March 2005 through December 31, 2011 (the "February 20 Order").[1] Dkt. 83 at 12:1–2.

Disregarding this background, and without providing any explanation for their change of position throughout the bulk of this litigation (other than a change of counsel which has occurred), Relators ask this Court to expand the relevant timeframe to May 10, 2013, when the Amended Complaint was filed, and to reconsider its February 20 Order. Not only is this a significant, unjustified change in position, but it is also a backdoor attempt to significantly expand Relators' claims against Defendants and add significant burdens in terms of discovery. Post-2011 discovery is simply not justified in this case and is irrelevant to Relators' claims and Defendants' defenses in this

---

[1] While Defendants believe that the correct cutoff is July 2, 2010, the date on which this case was filed under seal, or July 1, 2011, "when the 'Safe Harbor' provision was removed," they do not request such relief here.

litigation.  There is no justification for the Court to expand the relevant time period as Relators have requested.

## II.  ARGUMENT

Parties are only entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "District courts have broad discretion in determining relevancy for discovery purposes."  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (affirming the limitation of discovery to issues raised in plaintiffs' complaint).  Relying predominantly on cases that predate the current language of Rule 26(b)(1), Relators argue that discovery should not be constrained by the allegations of their Amended Complaint.  But Rule 26(b)(1) was amended in 2000 to enhance the court's control over discovery by requiring discovery to "relate more directly to a 'claim or defense' than it did previously."  *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 967–68 (9th Cir. 2004).

Moreover, courts have held that because of the potentially abusive scope of discovery relators might seek once they survive a motion to dismiss, the scope of discovery in *qui tam* FCA cases must be narrowly tailored to what relators have specifically alleged in their complaint.  *See United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, 2008 U.S. Dist. LEXIS 65717, at *4 (M.D. Fla. Aug. 27, 2008) (holding that "discovery in *qui tam* actions must be limited and tailored to the specificity of the complaint"); *United States ex rel. Stewart v. Louisiana Clinic*, 2003 U.S. Dist. LEXIS 9401, at *27, 29 (E.D. La. June 4, 2003) (limiting the temporal scope of discovery despite allegations of continuous conduct).  *See also United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1360 (11th Cir. 2006) (it is "especially important" that Rule 9(b), which determines the scope of claims subject to discovery, be applied with diligence in FCA cases because "of the quasi-criminal nature of FCA violations (i.e., a violator is liable for treble damages)," and to "ensure[] that the relator's strong financial incentive to bring an FCA claim – the possibility of recovering between

2

Gibson, Dunn & Crutcher LLP

DEFENDANTS' RESPONSE TO RELATORS' OBJECTION TO MAGISTRATE JUDGE GALLO'S FEBRUARY 20, 2015 ORDER
CASE NO. 10-CV-1401-JLS-WVG

fifteen and thirty percent of a treble damages award – does not precipitate the filing of frivolous suits"). Thus, "[t]he simple inclusion of a cursory allegation that the Defendants' conduct is ongoing . . . does not automatically entitle Plaintiff to obtain expansive discovery to the present of all Defendants' practices in order to uncover new false claims." *United States ex rel. Spay v. CVS Caremark Corp.*, 2013 U.S. Dist. LEXIS 121554, at *11 (E.D. Pa. Aug. 27, 2013). Since Relators have only alleged FCA violations between 2005 and 2011, as found by the District Court in its Order on Defendants' Motion to Dismiss, discovery should be limited to that time period.

### A. There is No Justification for Extending the Relevant Time Period Beyond December 31, 2011

This Court determined that the relevant time period for discovery in this litigation is March 2005 through December 31, 2011. Dkt. 83 at 12:1–2. In their Objection, Relators seek to extend the relevant time period to May 10, 2013—the date on which they filed their Amended Complaint. But such an extension would be inconsistent with the allegations set forth in Relators' Amended Complaint, what the District Court found Relators have alleged, prior statements made by Relators in this litigation, and the deposition testimony of Relator James Carter.

#### 1. The December 31, 2011 Cutoff is Required by the Allegations in Relators' Amended Complaint and the District Court's Order Ruling on the Complaint

The allegations of the Amended Complaint clearly establish that Relators' claims are limited to the time period between March 2005 and December 31, 2011. Indeed, while the ***original*** complaint filed in 2011 stated that the allegations continued "to the present" (i.e., 2011), the Amended Complaint filed in 2013 made clear that the action was limited to 2011 (when the original complaint was filed):

- "This is an action to recover damages and civil penalties on behalf of the United States of America arising out of false claims approved and presented by Defendants . . . from at least ***March 2005, continually through 2011,***

*when the 'Safe Harbor' provision was removed*."[2]   Dkt. 31, ¶ 1 (emphasis added).[3]

- "In requesting and receiving up to half a billion dollars annually, Defendants falsely represented every year **between 2004 and 2011** that they are in compliance with HEA's prohibition . . . ." *Id.* (emphasis added).

- "**Between 2004 and 2011**, AU falsely asserted compliance with the incentive compensation ban for an annual compliance audit." *Id.*, ¶ 29 (emphasis added).

Thus, the Amended Complaint, which was filed on May 10, 2013, unambiguously alleges that the purported FCA violations ended by December 31, 2011 at the latest.

Further, when Defendants moved to dismiss this Amended Complaint, the District Court denied that motion, finding that Relators—although not alleging that the compensation plan as written from 2005 to 2011 was in violation of the law—had adequately alleged that the plan as implemented from 2005 to 2011 was in violation. The District Court stated in no uncertain terms the scope of Relators' claims:

> In their FAC, Relators allege that, *from 2005 to 2011*, Ashford's compensation practices violated the Safe Harbor Regulation and the HEA's incentive compensation ban because Ashford adjusted salaries for enrollment advisors based solely on recruiting success.

Dkt. 41 at 3:14–17.

Disregarding these allegations and the District Court's ruling on them, Relators now claim that "a post-December 2011 [cut-off date] is still unreasonable." Dkt. 93 at 6:5–6. Relators base this conclusion on a lone paragraph in their Amended Complaint, paragraph 49(c), which states: "Up to filing of this complaint, AU Enrollment Advisors' salaries rose or fell every six months (and in some cases, more frequently),

---

[2]  Relators concede that "the 'Safe Harbor" provision was removed" on July 1, 2011. *See* Dkt. 93 at 4:24–25.

[3]  For the Court's convenience, certain docket entries (Nos. 1, 31, 36, 41 and 49) have been attached as Exhibits E through I of the concurrently filed Declaration of James L. Zelenay, Jr. ("Zelenay Decl.").

1  depending upon the performance category corresponding to their enrollment activities
2  for that evaluation period." Dkt. 31, ¶ 49(c). But this allegation was a residual
3  allegation from Relators' *original* complaint, which was filed *in 2011*. *See* Dkt. 1,
4  ¶ 49(c). As stated above, the ***Amended Complaint***, which is the complaint at issue,
5  repeatedly made clear that this case only alleged violations up to 2011. These more
6  specific allegations trump Relators' vague carryover allegation from 2011. *See United*
7  *States ex rel. Spay v. CVS Caremark Corp.*, 2013 U.S. Dist. LEXIS 121554, at *7
8  (E.D. Pa. Aug. 27, 2013) (holding that "cursory allegations . . . are unquestionably
9  insufficient to open the door to" expand the temporal scope of discovery). And,
10 regardless, nothing that Relators say even addresses the District Court's Order that
11 Relators have only alleged purported violations in this case up to 2011.

### 2. The December 31, 2011 Cutoff is Consistent with Relators' Representations Regarding Their Claims and the Scope of Discovery Made Throughout This Litigation

14  Relators' new interpretation is also inconsistent with numerous prior statements
15 that have been made in this litigation as to the scope of their claims, upon which the
16 parties and the Court relied. In their July 11, 2013 opposition to Defendants' Motion
17 to Dismiss, which they used to survive the motion to dismiss and proceed to discovery,
18 Relators represented that their case alleged false claims between 2004 and 2011. Dkt.
19 36 at 1:7–9. This time frame was confirmed by the District Court's Order. Dkt. 41 at
20 3:14–17. Then, in their initial disclosures determining the scope of discovery in this
21 action, dated June 19, 2014 and July 11, 2014, Relators stated that "Defendants'
22 enrollment advisors employed between ***2005 and 2011*** have relevant and discoverable
23 information to support claims." Zelenay Decl., Ex. B at 2:24–27; *id.*, Ex. C at 2:26–
24 3:1. In the Joint 26(f) Conference Report filed with the Court on June 23, 2014,
25 Relators again confirmed that the relevant time period ends in 2011, stating:
26 "Specifically, Relators alleged '[Ashford] falsely represented every year ***between 2004***
27 ***and 2011*** that they [were] in compliance with the HEA's prohibition against using
28 incentive payments for recruiters for recruiting activities.'" Dkt. 49 at 5:16–19; *see*

5

Gibson, Dunn & Crutcher LLP

DEFENDANTS' RESPONSE TO RELATORS' OBJECTION TO MAGISTRATE JUDGE GALLO'S FEBRUARY 20, 2015 ORDER
CASE NO. 10-CV-1401-JLS-WVG

*also id.* at 4:15–18 (identifying the relevant time period as being from 2005-2011). Additionally, during the May 16, 2014 Early Neutral Evaluation Conference before this Court and then once more at the July 3, 2014 Rule 26(f) conference before this Court, Relators' counsel again represented to both this Court and Defendants' counsel that their claims were limited to 2011. Zelenay Decl. ¶ 6. In particular, Relators' counsel, Christopher Olsen, specifically informed this Court during the May 16, 2014 Early Neutral Evaluation Conference that Relators' complaint alleged violations up to 2011 and he saw no basis or need for discovery following that period. *Id.*, ¶ 4. Indeed, until Relators' change of counsel that occurred in August of last year, **every** representation from either Relators or Relators' counsel in the lengthy history of this case was that it was limited to 2011. There is no basis or explanation for why a change of counsel should serve as a basis for expanding Relators' claims as pled. *See In re Chandler*, 459 B.R. 215, 225–26 (E.D. Pa. Bankr. 2011) (a party "is bound by his choice of counsel and the decisions made by his counsel in litigating on his behalf" and, thus, a party's "new counsel is not entitled to use a motion for reconsideration to revisit the trial strategy of the [party's] prior counsel").

### 3. Post-2011 Discovery Is Also Unjustified in Light of the Deposition Testimony of Relator James Carter

Discovery after 2011 is also inappropriate given the deposition testimony of Relator James Carter. As this Court is aware, the primary issue in this case is whether Defendants illegally compensated their enrollment employees by paying them based "solely" upon the number of students they enrolled. Dkt. 41 at 7:8–11. During his deposition, Carter admitted that Defendants changed their compensation plan, effective July 1, 2011, to remove consideration of enrollments entirely from compensation decisions. Zelenay Decl. ¶ 3, Ex. A, & Ex. D at [Carter Dep. Tr.] 204:7–25. As Carter testified:

> Q.  . . . Do you know sitting here today whether the number of students you enrolled actually had an effect on your salary whether moving it up or down after the 2011 compensation plan went into place?

6
DEFENDANTS' RESPONSE TO RELATORS' OBJECTION TO MAGISTRATE JUDGE GALLO'S FEBRUARY 20, 2015 ORDER
CASE NO. 10-CV-1401-JLS-WVG

Gibson, Dunn & Crutcher LLP

[Objection]

THE WITNESS: ***The enrollment of students did not have an effect on whether or not our salary went up or down after 2012*** because they got rid of the matrix. Your salaries as I was told you cannot get a decrease based on the number of enrollments.

. . .

Q. When you say after 2012, does that include the year of 2012 as well?

A. Yes.

Zelenay Decl., Ex. D [Carter Dep. Tr.] at 217:19–218:8. Thus, Carter testified that beginning in 2012 (i.e., after 2011) compensation was no longer based on enrollments at all. This is because at that point (and, indeed, in the middle of 2011) Defendants modified their compensation plan based upon new regulatory language to remove consideration of enrollments *entirely* from compensation adjustments. As such, there is simply no basis—in the allegations in Relators' complaint, prior Orders of the Court, or based upon counsels' prior statements as well as Relators' testimony—to open up discovery after 2011.

**B.     Defendants Already Have Agreed to Conduct a Reasonable Search for and Produce Documents Post-Dating 2011 to the Extent They Relate to Events in 2011 or Before**

Relators also argue that "even if the Complaint's timespan ended in 2011 . . . documents generated after December 2011 are still 'reasonably calculated to lead to the discovery of admissible evidence.'" Dkt. 93 at 4:6–9. But this argument is a straw man: Defendants have already agreed to conduct a reasonable search for and produce documents from after 2011 that are responsive to Relators' requests and relate to the time period of 2011 or before, with the lone exception of electronically stored information. Zelenay Decl., ¶ 9. Specifically, Defendants have agreed to produce Enrollment Advisor evaluations, compensation, and other similar materials from after 2011 that address performance from 2011 or before. Defendants have also agreed to search for and produce compliance and other similar files from after 2011 that relate to the period 2011 or before.

7

DEFENDANTS' RESPONSE TO RELATORS' OBJECTION TO MAGISTRATE JUDGE GALLO'S FEBRUARY 20, 2015 ORDER
CASE NO. 10-CV-1401-JLS-WVG

Gibson, Dunn & Crutcher LLP

### III. CONCLUSION

For the foregoing reasons, Relators' Objection is not well taken and the Court should not modify its February 20, 2015 ruling that the relevant timeframe for this litigation is March 2005 until December 31, 2011.

Dated: April 20, 2015

                                TIMOTHY J. HATCH
                                JAMES L. ZELENAY JR.
                                GIBSON, DUNN & CRUTCHER LLP

                                By: /s/ James L. Zelenay Jr.
                                    James L. Zelenay Jr.
                                    Attorney for Defendants Bridgepoint Education, Inc. and Ashford University, LLC
                                    Email: jzelenay@gibsondunn.com

# CERTIFICATE OF SERVICE

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the action; my business address is 333 South Grand Avenue, Los Angeles, California 90071.

On April 20, 2015, I caused the following documents to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to all known counsel of record:

**DEFENDANTS' RESPONSE TO RELATORS' OBJECTION TO MAGISTRATE JUDGE GALLO'S FEBRUARY 20, 2015 ORDER**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on April 20, 2015, at Los Angeles, California.

```
                              s/ James L. Zelenay Jr.
                              James L. Zelenay Jr.
                              Attorney for Defendants Bridgepoint Education,
                              Inc. and Ashford University LLC
                              Email: jzelenay@gibsondunn.com
```

Gibson, Dunn & Crutcher LLP

1

DEFENDANTS' RESPONSE TO RELATORS' OBJECTION TO MAGISTRATE JUDGE GALLO'S FEBRUARY 20, 2015 ORDER
CASE NO. 10-CV-1401-JLS-WVG