Jeffrey B. Isaacs, Esq. SBN 117104
Jerome H. Friedberg, Esq. SBN 125663
Mark Labaton, Esq. SBN 159555
**ISAACS FRIEDBERG & LABATON LLP**
555 S. Flower Street,, Suite 4250
Los Angeles, California   90071
Telephone: (213) 929-5534
Facsimile:  (213) 955-5794
*mlabaton@iflcounsel.com*

*Attorneys for Relators*

[Additional Counsel listed on next page.]

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JAMES CARTER and ROGER LENGYEL,<br><br>            Plaintiffs,<br>    vs.<br><br>BRIDGEPOINT EDUCATION, INC., ASHFORD UNIVERSITY LLC, and DOES 1-500, INCLUSIVE,<br><br>            Defendants. | Case No. 10-CV-1401-JLS-WVG<br><br>**JOINT MOTION TO TAKE OFF CALENDAR HEARING SET FOR MAY 12, 2015 AT 8:00 A.M.**<br><br>Hon. William V. Gallo<br><br>HEARING<br>Date:        May 12, 2015<br>Time:       8:00 AM<br>Place:       Courtroom 2A |

---

JOINT MOTION TO TAKE OFF CALENDAR HEARING SET FOR MAY 12, 2015 AT 8:00 A.M.
178102.1

1  Alexander I. Dychter (SBN 234526)
2  **DYCHTER LAW OFFICES, APC**
   1010 Second Ave., Suite 1835
3  San Diego, California 92101
4  Telephone: (916)487-0777
   Facsimile:  (619)330-1827
5  *alex@dychterlaw.com*

6

7  Christopher A. Olsen (SBN 236928)
   **OLSEN LAW OFFICES**
8  1010 Second Ave., Suite 1835
9  San Diego, California 92101
   Telephone:  (619)550-9352
10 Facsimile:   (619)923-2747
11 *caolsen@caolsenlawoffices.com*

12
13 Timothy Cornell (*Admitted Pro Hac Vice*)
   **GARDNER CORNELL, P.C.**
14 A Professional Corporation
   33 Mount Vernon Street
15 Boston, MA   02108
   Telephone:  (603) 277-0838
16 *tcornell@gardnercornell.com*

17
18
19
20
21
22
23
24
25
26
27
28

JOINT MOTION TO TAKE OFF CALENDAR HEARING SET FOR MAY 12, 2015 AT 8:00 A.M.
178102.1

1    Relators James Carter and Roger Lengyel ("Relators") and Defendants
2 Bridgepoint Education, Inc. and Ashford University, LLC ("Defendants") jointly
3 move this Court to take off calendar the hearing on Relators' Objections to
4 Magistrate's February 20, 2015 Order ("Objections"), currently set for May 12, 2015,
5 and to reschedule the hearing for a time and date after the current stay on discovery is
6 lifted.
7    By Order of the District Court, all discovery in this action has been stayed
8 pending the disposition of Defendants' Motion to Dismiss, which is scheduled to be
9 heard by the District Court on June 11, 2015.
10    Good cause exists to take off calender the hearing date on Relators' Objections
11 pending the disposition of the Motion to Dismiss.  Because the Motion to Dismiss is
12 a potentially dispositive motion, doing so would conserve the Court's resources and
13 spare the Parties from incurring potentially unnecessary expenses.  The District Court
14 stayed discovery for these reasons.   In addition, because discovery is currently
15 stayed, there will be no prejudice to either side if the hearing on the Objections is
16 taken off calendar.

*Background*

In late November 2014, the Parties brought multiple discovery disputes to Magistrate Gallo for adjudication.  The Parties filed a Joint Statement, in which they described the disputes and their respective positions.  (ECF No. 63.)  One of the issues in dispute was the date range of documents that Defendants would be required to produce.  Relators argued that Defendants should produce documents up to the present, whereas Defendants argued that they should not be required to produce documents unrelated to the period after December 2011.  Magistrate Gallo held an informal teleconference on December 2, 2014.  Defendants contend that at that hearing Magistrate Gallo ruled in their favor on the time period issue, and stated that the time period for relevant discovery would be up to December 2011.  Relators

1  contend that Magistrate Gallo has indicated that he would issue his rulings on all
2  pending issues at a later date.
3      On February 20, 2015, Magistrate Gallo issued an Order stating that
4  Defendants had been instructed to produce responsive documents from March 2005
5  to December 31, 2014. (ECF No. 83.)  Defendants stated that this was incorrect and
6  inconsistent with what had been stated at the December 2, 2014 teleconference.
7  Relators contended that Magistrate Gallo's earlier oral statement was not binding.
8  Counsel for Defendants, along with Relators' counsel, then contacted Magistrate
9  Gallo's chambers for clarification.   Shortly thereafter, Magistrate Gallo's clerk
10 informed counsel for Relators and Defendants that the Court would be replacing the
11 on-line version of the Order with a corrected one.
12     On March 17, 2015, the clerk's office replaced the Order with one that set the
13 date range for discoverable documents from March 2005 to December 31, 2011.
14 (ECF No. 83, as revised.)
15     While this discovery dispute was before Magistrate Gallo, on February 20,
16 2015, Defendants filed a potentially dispositive Motion to Dismiss.  (ECF No. 84.)
17 On March 9, 2015, based on a joint motion of the Parties, the District Court stayed
18 discovery in this matter pending the disposition of Defendants' 12(b)(1) Motion to
19 Dismiss.  (ECF No. 90).
20     On April 3, 2015, Relators objected to the Magistrate's revised order.  (ECF
21 No. 93.)   Relators filed the Objections, even though discovery had been stayed, in
22 order to preserve their rights if and when the discovery stay is lifted.
23     The District Court construed the Objections as a Motion for Reconsideration
24 and referred the Objections back to Magistrate Judge Gallo.  (ECF No. 94.)
25 Magistrate Gallo set a briefing schedule on the Objections and scheduled a hearing
26 for May 6, 2015, at 10:00 a.m. (ECF No. 95.)  On April 27, 2015, Magistrate Gallo
27 issued a new order rescheduling the hearing for May 12, 2015 at 8:00 a.m. (ECF No.
28 99.)

*The May 12, 2015 Hearing Should Be Taken Off Calendar*

  Because the District Court's ruling on Defendants' Motion to Dismiss may be dispositive of the entire case, the Parties, in furtherance of judicial economy and to avoid accruing potentially unnecessary expenses, would like to take the hearing off calendar until the discovery stay is lifted.

  Good cause exists to take the hearing off calendar.  In light of the stay, there is no pressing need for the hearing to be held now.  Moreover, Relators' Objections may be moot if the District Court grants Defendants' Motion to Dismiss.  Judicial economy, therefore, weighs in favor of granting this Joint Motion.  The Parties agree that none of them would be prejudiced if the hearing is taken off calendar until the discovery stay is lifted.

            Respectfully submitted,

DATED:  May 6, 2015      ISAACS FRIEDBERG & LABATON LLP

            /s/  Mark I. Labaton
            Mark I. Labaton
            Attorney for Relators

DATED:  May 6, 2015      GIBSON, DUNN & CRUTCHER LLP

            /s/  James L. Zelenay, Jr.
            James L. Zelenay, Jr.
            Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2015, I electronically filed the foregoing JOINT MOTION TO TAKE OFF CALENDAR HEARING SET FOR MAY 12, 2015 AT 8:00 A.M. with the Clerk of the Court for the United States District Court for the Southern District of California by using the Court's CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

                                  s/ Mark Labaton
                                  Mark Labaton