UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JAMES CARTER and ROGER LENGYEL,<br><br>    Plaintiffs,<br><br>v.<br><br>BRIDGEPOINT EDUCATION, INC., ASHFORD UNIVERSITY LLC, and DOES 1-500, INCLUSIVE,<br><br>    Defendants. | Case No. 10-CV-01401-JLS (WVG)<br><br>**ORDER VACATING MAY 12, 2015, HEARING**<br><br>**(Doc. No. 105)** |

On April 3, 2015, Plaintiffs filed the Relators' Objection to Magistrate's February 20, 2015 Order ("Objection"). (Doc. No. 93.) On April 10, 2015, the Honorable Janis L. Sammartino of the United States District Court for the Southern District of California ("District Court") construed this filing as a motion for reconsideration under the Federal Rules of Civil Procedure and referred its adjudication to this Court. (Doc. No. 94.) So as to permit a full explication of the relevant standard and dissection of the varied legal issues raised by the Objection, this Court established a briefing schedule, with a final hearing to be held on May 6, 2015. (Doc. No. 95.) Due to an unexpected scheduling

1

conflict, however, this hearing was later rescheduled to May 12, 2015.[1] (Doc. No. 99.) While Defendant did file a comprehensive response to the Objection on April 20, 2015, (Doc. No. 98), as this Court's order required, (Doc. No. 95), Plaintiff chose reticence. Nearly a month after the first hearing had been set, on May 6, 2015, the Parties filed the Joint Motion to Take Off Calendar Hearing Set for May 12, 2015, at 8:00 a.m. ("Joint Motion"), the filing presently before this Court. (Doc. No. 105.)

In the Joint Motion, the Parties adduce several reasons for why "good cause" exists so as to justify the May 12, 2015, hearing's cancellation. First, Defendants have filed a motion to dismiss that will not be heard until June 11, 2015; for that very reason, the District Court had stayed all discovery on March 9, 2015. (Doc. No. 90.) As such, "[b]ecause the Motion to Dismiss is a potentially dispositive motion," vacatur "would conserve the Court's resources and spare the Parties from incurring potentially unnecessary expenses." (Doc. No. 105 at 3.) Second, with discovery having been suspended at least through June 11, 2015, "there will be no prejudice to either side if the hearing on the Objection[] is taken off calendar." (Id. at 3.) The Joint Motion reiterates these arguments in its concluding paragraphs, which ask that the hearing be taken "off calendar until the discovery stay is lifted."[2] (Id. at 5.)

With great reluctance, this Court is persuaded by these rationales.[3] Thus, due to the

---

[1] Notably, while Defendant's counsel responded within three hours to the Court's electronic missive, sent on Saturday, April 25, 2015, about this scheduling change, Plaintiffs' counsel provided no response until the Court contacted it once more on Monday, April, 27, 2015. In fact, Plaintiffs' counsel only gave a definite response when the Court called it a second time on that spring day.

[2] Inexplicably, for all their concern for "avoid[ing] accruing potentially unnecessary expenses," (Doc. No. 105 at 5), the Joint Motion also spends two pages recapping what a second's perusal of the Court's docket reveals, (Id. at 3–4).

[3] Still, this Court feels compelled to make two observations. First, as a purely temporal matter, Plaintiffs themselves filed this Objection after the District Court had already stayed discovery. (Doc. Nos. 90, 93.) Whatever the Objection's underlying merits, this Court finds it rather brazen for the Parties, particularly the Plaintiffs, to now request the voiding of a hearing triggered by their own filing of the Objection during a comprehensive stay that they themselves had requested. Second, considering Defendant

(continued...)

fact that a dispositive motion has been tendered and that discovery has been formally stayed, this Court GRANTS the Joint Motion. In addition, **within forty-eight (48) hours of a decision on their own Motion to Dismiss**, one of Plaintiffs' attorneys is ordered to inform this Court of this disposition by telephone at (617) 557-6384. Thereupon, this Court will promptly reschedule the now-vacated hearing, set a status conference so as to determine discovery's ultimate trajectory, or issue any other appropriate order.

IT IS SO ORDERED.

DATED:  May 8, 2015

_____
Hon. William V. Gallo
U.S. Magistrate Judge

---

[3/](...continued)
responded in full to the Objection and Plaintiffs retorted with only silence, this Court will not provide Plaintiffs with a second chance to respond if Defendants' Motion to Dismiss fails. In fact, both Parties' counsel should be prepared to appear before this Court within days of any ruling that does not dispose of this case *in toto*.